UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN JOHNSON,<br>on behalf of himself and<br>other similarly situated employees,<br>    Plaintiffs, | :<br>:<br>:<br>:<br>: | CIVIL CASE NO.<br>3:23-CV-00743 (JCH) |
| v. | :<br>: | |
| WALGREEN EASTERN CO., INC.,<br>    Defendant. | :<br>:<br>: | SEPTEMBER 3, 2024 |

**RULING ON DEFENDANT'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL
(DOC. NO. 63)**

## I. INTRODUCTION

Plaintiff John Johnson ("Mr. Johnson"), individually and on behalf of other similarly situated employees, brings this action against Walgreen Eastern Co., Inc. ("Walgreen"), alleging unpaid wages in violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31–58 et seq.  Complaint ("Compl.") (Doc. No. 1-1).  The defendant moved to dismiss, see Motion to Dismiss (Doc. No. 27), which the court denied, see Ruling on Motion to Dismiss ("Ruling") (Doc. No. 59).

Now before the court is Walgreen's Motion to Certify an Interlocutory Appeal, requesting that the court amend its Ruling to certify it for interlocutory appeal.  See Notice of Motion to Certify an Interlocutory Appeal ("Mot.") (Doc. No. 63); Memorandum in Support of its Motion to Certify an Interlocutory Appeal ("Mem.") (Doc. No. 64); Reply Memorandum in Further Support of its Motion to Certify an Interlocutory Appeal ("Reply") (Doc. No. 66).  The plaintiff opposes this Motion.  See Opposition to Motion to Certify Interlocutory Appeal ("Opp'n") (Doc. No. 65).

1

For the reasons set forth below, the court denies the Motion to Certify an Interlocutory Appeal but grants the Motion insofar as it seeks a stay.

## II. BACKGROUND

Mr. Johnson, on behalf of himself and others similarly situated, asserts claims under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31–58 et seq., for the unpaid 4–12 minutes spent each workday walking to and from the time clocks at Walgreen's Distribution Center in Windsor, Connecticut. See Ruling at 1–2. Walgreen moved to dismiss on the ground that time spent checking in and out is not compensable under the CMWA because: (1) the CMWA should be construed consistent with the federal Portal-to-Portal Act, which limits compensation for preliminary and postliminary work activities; (2) time spent walking to and from the time clocks falls outside the definition of compensable time under the CMWA; and (3) even if theoretically compensable, such time is de minimis and would thus be rendered non-compensable. See Defendant's Memorandum in Support of Motion to Dismiss at 4–16 (Doc. No. 28).

The court denied the defendant's Motion to Dismiss. See Ruling. In relevant part, the court predicted that the Connecticut Supreme Court would not construe the Connecticut Minimum Wage Act consistently with the federal Portal-to-Portal Act, which limits compensation for preliminary and postliminary work activities. Ruling at 7–9. Instead, the court explained the plain language of the CMWA largely requires employers to compensate employees whenever employees are on the job. Id. at 7. In doing so, the court did not reach the same conclusion as the court in Del Rio v. Amazon.com Services, Inc., 693 F. Supp. 3d 301 (D. Conn. 2023), which held that the word "work" must be read into this section of the CMWA to effectuate the statutory definition of compensable time and, thus, the federal test to define time worked applied. Id. at 5–6.

Relevant to the instant Ruling is the plaintiff's appeal of the Del Rio court's grant of summary judgment in the defendant's favor.  See Notice of Appeal, Del Rio v. Amazon.com Servs., Inc., No. 23-1337-CV (2nd Cir. Sept. 27, 2023).  In addition to fully briefing the issue, the plaintiff-appellants have moved the Second Circuit to certify to the Connecticut Supreme Court the question of whether the Del Rio court "erred in holding that the Connecticut General Assembly implicitly and silently intended to incorporate both the Fair Labor Standards Act ('FLSA') and the federal Portal to Portal Act, 29 U.S.C. § 251, et seq. when enacting its overtime scheme[.]"  See Motion to Certify Question at 5, Del Rio, No. 23-1337-CV (cleaned up).  On April 16, 2024, the Second Circuit referred the motion to a merits panel.  Del Rio, No. 23-1337-CV (order referring motion to certify to merits panel).

Walgreen has moved to amend the Ruling on the Motion to Dismiss to allow for interlocutory appeal pursuant to section 1292 of title 28 of the U.S. Code.  See Mot.

## III. DISCUSSION

Section 1292(b) of title 28 of the U.S. Code permits a district court to grant an interlocutory appeal upon considering whether the order at issue: "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  These factors must "be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal."  16 Charles Alan Wright et. al., Federal Practice and Procedure § 3930 (3d ed. June 2024 update).

The party moving for interlocutory appeal has the burden of showing "exceptional circumstances" are present, Ricci v. DeStefano, No. 3:04-CV-1109 (JBA), 2011 WL

3

13227942, at *1 (D. Conn. May 5, 2011), which warrant "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996).  The court has considerable discretion to deny interlocutory appeals even if the above factors are met.  Kuzinski v. Schering Corp., 614 F. Supp. 2d 247, 249 (D. Conn. 2009).

In support of its Motion, Walgreen argues that all three statutory criteria are satisfied.  See Mem. at 6–12.

### A.     Controlling Question of Law

Walgreen argues that whether Mr. Johnson and the putative class are entitled to wages for time spent walking to and from timeclocks is a controlling question of law. See Mem. at 6–8.  Walgreen asserts that, if the Second Circuit reaches the opposite conclusion on the controlling question, immediate dismissal of the action would be warranted.  Id.  Thus, Walgreen argues that this factor weighs in favor of granting certification.  Id.

This court's previous Ruling, which Walgreen seeks certification to appeal, reasoned that, "[n]otwithstanding meal breaks, the plain language of the [CMWA] requires employees to be compensated at all times when they are on the premises, including during wait times." Ruling at 7.  Therefore, if the Court of Appeals were to reverse this court's Ruling and hold that the CMWA does require employees to perform "work" in order to receive the compensation at issue, this court would then need to determine whether walking to and from the time clocks is "work."  Such a determination

may require the court to utilize the predominant benefit test, the application of which, as described in this court's prior Ruling, is a fact-intensive undertaking.[1]  Ruling at 9–10.

Walgreen argues reversal would warrant immediate dismissal because "[t]here are no allegations in this case that [the] [p]laintiff or putative class members spent their walking time performing work-related tasks for Walgreens."  Mem. at 7.  This is simply a conclusory assertion.  Walgreen has not established that this case clearly falls within the activities that have been found, as a matter of Connecticut law, to be non-compensable.  Contrary to Walgreen's contention, therefore, immediate dismissal is not preordained, even if the Second Circuit reverses this court's prior Ruling.  As a result, weighing against certification is the possibility that dismissal may not be immediately warranted should the Second Circuit reverse.  See James v. Venture Home Solar, LLC, — F. Supp. 3d —, 2024 WL 446085, at *10–*11 (D. Conn. Feb. 6, 2024) (noting that a controlling question of law must be "one upon which 'reversal of the district court's order would terminate the action'" (quoting Kinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990))).

Nevertheless, and as Walgreen argues, See Mem. at 6–8, this court may consider whether reversal "even though not resulting in dismissal, could significantly affect the conduct of the action; or the issue has precedential value for a large number

---

[1] This court acknowledges the Appellate Court of Connecticut adopted the predominant benefit test to determine whether meal breaks amount to compensable "work" under the CMWA.  See Belgada v. Hy's Livery Serv., Inc., 220 Conn. App. 102, 114–15 (2023).  In so doing, the Appellate Court of Connecticut did not adopt the Supreme Court's reasoning set forth in Integrity Staffing Sols., Inc. v. Busk, 574 U.S. 27 (2014), which rejected the predominant benefit test as "overbroad" when considering whether undergoing security screenings amounted to compensable time pursuant to section 254(a) of title 29 of the U.S. Code.  Compare Integrity Staffing Sols., Inc., 574 U.S. at 36 with Belgada, 220 Conn. App.at 114–15; see also Del Rio v. Amazon.com Servs., Inc., 693 F. Supp. 3d 301, 307 n.4 (D. Conn. 2023).  The ruling in this case on the Motion to Dismiss does not decide what test would apply in the event this court is required to determine whether Mr. Johnson engaged in "work" while walking to and from time clocks.

of cases." James, 2024 WL 446085, at *11 (internal quotation marks omitted) (quoting Murray v. UBS Sec., LLC, No. 12-CV-5914 (KPF), 2014 WL 1316472, at *3 (S.D.N.Y. Apr. 1, 2014)).  An appellate decision that reverses this court but remands for further factual development would affect the focus and scope of discovery.  See infra Section III.C.  While this weighs in favor of certification, this alone does not suggest certification is warranted.  Cf. James, 2024 WL 446085, at *11 (noting that, in the context of arbitration, courts in the Second Circuit have denied certification motions even where reversal "would have allowed the parties to forgo arbitration entirely." (citation omitted)).

    B.    Substantial Ground for Difference of Opinion

Walgreen contends that substantial ground for difference of opinion exists because two courts in this District, i.e., this court and the Del Rio court, issued rulings that are in direct conflict.  See Mem. at 8–11.

"The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).  Instead, "it is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue of appeal is truly one on which there is a substantial ground for dispute."  Id. (citing Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 283 (E.D. Pa. 1983)).

It is uncontroverted that the issue at hand is a matter of first impression in this Circuit, and the instant case and Del Rio are the only two decisions that address it squarely.  However, the court is not convinced by the arguments in opposition to this court's Ruling on the Motion to Dismiss.  The Ruling discussed, at length, the strength of the opposing argument.  See Ruling at 5–8.  In doing so, the court reasoned that it

6

ought to follow state law as to the issue of statutory interpretation, which provides that the court is limited to the four corners of the statute unless the statute's language is ambiguous.  Id. at 7.  Notwithstanding an inapplicable exclusion, the court reasoned that the pertinent provision of the CMWA unambiguously directs employers to compensate employees for the time an employee is required to be on premises, regardless of whether the employee performs "work."  See id. at 7–8.  The defendant's argument that a substantial dispute exists would be stronger if, inter alia, the statute was ambiguous; the plain language is clear, however.  Accordingly, although there is a split in this District, this court is not convinced that a substantial ground for difference exists.

        C.      Materially Advance the Ultimate Termination of Litigation

Walgreen argues that an interlocutory appeal would materially advance the litigation by requiring immediate dismissal or, in the alternative, focusing the issues for discovery.  See Mem. at 11–12.  Mr. Johnson counters that certifying an interlocutory appeal would not materially advance the litigation because the Del Rio appeal has been fully briefed and allowing appeal in the instant case might further delay an answer from the Second Circuit as it could reopen briefing.  See Opp'n at 5–6.  Mr. Johnson argues further that Walgreen would not be prejudiced because he is willing to collaborate with Walgreen to address potentially burdensome discovery requests pending the Del Rio appeal.  See id. at 6.

The advanced stage of Del Rio, see supra Section II, weighs against certifying an interlocutory appeal in the instant case.  A stay or a modification of the court's scheduling order pending a decision from the Second Circuit in Del Rio would produce a shorter and more efficient timeline than would an interlocutory appeal.

In sum, Walgreen has failed to persuade this court that it should exercise its discretion to certify an interlocutory appeal.  The defendant's Motion to Amend the court's Ruling to Certify an Interlocutory Appeal is denied.  Walgreen moves, in the alternative, for a stay pending resolution of the appeal in Del Rio.  See Mem. at 14–15.  Given Del Rio's potential impact on the course and costs of discovery, see Reply at 5–6, the court grants the defendant's request for a stay.  Furthermore, in light of Walgreen's intent to permanently close its Dayville facility, the court grants Mr. Johnson's unopposed request for limited discovery.  See Opp'n at 6–7; Reply at 5.

## IV.    CONCLUSION

For the reasons stated above, the court grants in part and denies in part the defendant's Motion to Certify an Interlocutory Appeal (Doc. No. 63).  The Motion, insofar as it seeks a stay pending resolution of the appeal in Del Rio v. Amazon Servs., Inc. is granted.  The Motion is otherwise denied.

Furthermore, the court grants the plaintiff's unopposed request for limited discovery at Walgreen's Dayville facility.

**SO ORDERED.**

Dated at New Haven, Connecticut this 3rd day of September 2024.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge